

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00055-CR

LARRY W. MISHLER                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Larry W. Mishler appeals his conviction for assault—bodily injury. In one point, Mishler argues that the trial court erred by denying his request that a limiting instruction be included in the guilt-innocence-stage jury charge. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

According to the testimony of Damon Bullock, in the late evening of May 6, 2010, Mishler and his wife, June, arrived at a bar that they owned.  Bullock, the bartender and Mishler's employee, stated that Mishler and June had arrived with their friend, Chris Currier, and that all three of them were intoxicated.  As the evening turned into the early morning of May 7, Bullock averred that Mishler had knocked a handful of receipts out of his hand, had started shoving him, and that then Bullock and Mishler had gotten into a physical altercation.  After announcing that she was going to get her gun, June left the bar area, returned to the bar with her gun, and fired a shot.  By Bullock's account, Currier caught the act of June shooting her gun on his cell phone and announced that he had done so.

Bullock testified that as Currier began to leave, Mishler demanded Currier hand over his cell phone and then Mishler "started hitting [Currier] in the back of the head."  Even though this case involves Mishler's altercation with Currier, both the State and Mishler discussed the altercation between Mishler and Bullock that preceded June's gunshot during their opening arguments.  Furthermore, both the State and Mishler elicited testimony from Bullock concerning the physical altercation between Bullock and Mishler.  Mishler never objected to these opening arguments or Bullock's testimony regarding his and Mishler's fight.  After the evidence closed, Mishler requested that an extraneous offense instruction be included in the court's charge.  The trial court denied this request.  The jury returned a verdict of guilty.  After suspending the imposition of his 365 days' jail

sentence, the trial court placed Mishler on probation for two years. This appeal followed.

### III. DISCUSSION

In his sole point, Mishler argues that the trial court erred by refusing his request for a limiting instruction regarding the altercation between Mishler and Bullock. We disagree.

"[A] limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the [guilt-innocence-stage] jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted." *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes." *Id.*

Here, Mishler did not request a limiting instruction at the time Bullock's testimony was admitted. Thus, the trial court had no obligation to limit the use of that evidence later in the jury charge. *Id.* (stating that if a defendant does not request a limiting instruction at the time that evidence is admitted, "then the trial judge has no obligation to limit the use of that evidence later in the jury charge"); *Prescott v. State*, 123 S.W.3d 506, 515–16 (Tex. App.—San Antonio 2003, no pet.) (defendant who failed to request limiting instruction concerning use of extraneous offenses "at the moment the evidence [was] admitted" was not entitled to limiting instruction in jury charge). Therefore, we hold that the trial court did not err by refusing to include a limiting instruction in the guilt-innocence-

3

stage jury charge regarding the physical altercation between Mishler and Bullock.

We overrule Mishler's sole point.

## IV. CONCLUSION

Having overruled Mishler's sole point on appeal, we affirm the trial court's

judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 22, 2013